## McAllister *v.* Richards.

A voluntary transfer of a pecuniary demand to a creditor, by one knowing himself to be insolvent, and having no other property of any value, is void as against the bankrupt assignee appointed under the voluntary petition of the assignor ten days after the transfer, although the assignor may not at that time have intended to apply for the benefit of the act.

In error from the Common Pleas of Dauphin county.

*June* 29. The defendant in this action was the drawee of an order for the payment of money which was claimed by Finney as assignee of Richards, the former holder, and by Lescure as his bankrupt assignee. The action was an amicable one, to try whether the assignment to Finney was a fraud on the bankrupt law. The evidence given in the cause was considered as a special verdict, and upon that judgment was given below in favor of Finney. The material facts were, that Richards, being the holder of an order on McAllister, on which there remained a balance of $433 50, assigned it, on the 7th June, 1842, to Finney, who was a creditor. The evidence showed that this was voluntary on the part of Richards, there having been no coercion or threat of suit used by Finney, who had merely presented his account to Richards. At this time Richards was a stone-mason, and had been engaged in the lumbering business, and the assigned order constituted all his property of any value, excepting a bridle, saddle, and gun. On the 18th June he swore to his petition in bankruptcy, stating his debts to be upwards of $1200, and his property to consist of five worthless claims. In his examination he stated he did not know

M

that at the time of the assignment he intended to apply for the benefit of the bankrupt law : but that he was so much in debt, he knew he could not pay, and he formed his determination to apply some days before the date of his petition, in the event of any creditor pressing him.

*Parke* and *McAllister*, for plaintiffs in error.—The main scope and policy of the bankrupt law was to prevent all preferences and priorities in favour of particular creditors, and to secure the assets of the bankrupt for *pro rata* distribution among all the creditors. Cornwell's Appeal, 7 Watts & Serg. 312; Hutchins *v.* Taylor, 5 Law Reporter, 292.   The transfer was a direct violation of the second section of the bankrupt law of 1841, and therefore void, being made in contemplation of bankruptcy, and for the purpose of giving Finney a preference over the other creditors of Richards. The words "*in contemplation of bankruptcy*" mean simply in contemplation of a state of bankruptcy or insolvency; having in view an inability to pay debts, meet engagements, and go on with business, and a strong probability of being obliged to stop business; Arnold *v.* Maynard, 5 Law Rep. 300; Breneman's case, 1 Penna. Law Journal, 186; 5 Law Rep. 295, 312.

The transfer was voluntary, made without coercion or threat, and for the purpose of giving Finney a preference, and therefore an act of bankruptcy, and void, although *not* done in contemplation of bankruptcy; 1 Bac. Abr. 652; 4 Burr. 2235; 5 Durn. & East. 197; 2 Burr. 830; 1 Johns. Rep. 370; 3 Petersdorf's Abr. 362, 364, 369; 14 Ves. 186.

It was a dealing and transaction within two months before bankruptcy, and therefore void, under the second section of the bankrupt law; Miller *v.* Black, 1 Barr, 423.

There is nothing in the objection that Richards was not a "*trader*," and could not have been brought into the bankrupt court by his creditors.   Our act of 1841 is different from the English law, far more extensive in its provisions, and the English decisions are not literally applicable here.   Instead of "*trader*," they should read *person*, and then they cover this case fully; 5 Law Rep. 300, 312.

*Briggs* and *McCormick*, contrà.—Unless the assignment be general with preferences on the eve of bankruptcy, or there be a preference intended in actual contemplation of bankruptcy by a partial transfer of property, the transaction is not *per se* a fraud on the bankrupt law.   1 Law Jour. 323; 7 East, 144; Wilson *v.* Day,

2 Burr. 830; Miller *v.* Black, 1 Barr, 423; McMenomy *v.* Roosvelt, 3 Johns. C. R. 458; Reigart *v.* Small, 2·Barr, 487. The assignor was not the subject of the compulsory proceedings; and the transfer being partial, was valid; unless there was an express intention to commit a fraud.

*June* 29. COULTER, J., (after stating the case.)—The opinion of the court below was, that Richards was not guilty of a fraud on the bankrupt law, and that the debt to Finney being due *bonâ fide,* he was entitled to the amount due by McAllister, and rendered judgment accordingly.

In this opinion the court were undoubtedly in error. If a person altogether and irretrievably insolvent, and himself conversant with the fact at the time, could lawfully transfer all the property, of any value, which he possessed, to one of his creditors in preference to the rest, a few days before his application for bankruptcy, the bankrupt act would be useless and of no value whatever, except to give colour of law to the very preferences it was designed to prevent. The intent and operation of that law was to apportion and distribute the effects of the bankrupt among his creditors equally, and to break up just such preferences as was given in this case. If the bankrupt had, by any act done *bonâ fide,* two months before filing his petition in bankruptcy, preferred a creditor without knowing he was insolvent; such act would have been valid, unless the nature of the act was such as to wear upon its face the unequivocal marks of a design to evade the provisions of the bankrupt act, and which necessarily implied and indicated a belief that he was bankrupt or insolvent, in the usual sense of the words: such as the voluntary transfer of his whole estate to a creditor, thus depriving himself of the means of continuing his business, and making no effort for the benefit of his general creditors.

The principles applicable to transactions of this kind were pretty fully considered by this court in Wilkinson's Appeal, 4 Barr, 284. I do not consider it necessary, therefore, to enter at large upon their consideration in this case.

The argument of the counsel of Finney, arising out of the nature of the occupation of Richards, which required but small means to carry it on, though pressed on the court with great ingenuity, is not of sufficient weight to take the case out of the general rule. It may be added, however, that he was, in addition to his trade, engaged in the lumbering business. But all who seek relief under the bankrupt law must comply with its requisitions, and be subject to

the same rules of law, no matter what their occupations may be. The bankrupt act cannot be graded by any system of minimums in its application to the various trades, professions, and callings of individuals.

Richards having voluntarily transferred his whole estate of any value to one of his creditors, ten days before his application to be declared a bankrupt when he was hopelessly insolvent, committed by that preference a legal fraud on the bankrupt law, and the assignee in bankruptcy is entitled to that estate, whatever it may be.

Judgment reversed, and judgment directed to be entered for defendant below, according to the special verdict.